United States District Court
Southern District of Texas
**ENTERED**
October 22, 2019
David J. Bradley, Clerk

FILED
OCT 22 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN ARTEMIO GARCIA § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> LORIE DAVIS, Director, Texas § <br> Department of Criminal Justice, § <br> Correctional Institutions Division § <br> § <br> Respondent. § | CIVIL ACTION NO. 7:18-CV-00360 |

## REPORT AND RECOMMENDATION

Petitioner Juan Artemio Garcia, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for capital murder in Starr County, Texas, Case No. 02-CR-277, which resulted in a sentence of life imprisonment. (Dkt. No. 1 at 2). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

Respondent has filed a motion for summary judgment, asserting that the instant petition should be dismissed because it is a "second or successive" petition. (Dkt. No. 6). Petitioner has filed a response to Respondent's motion for summary judgment. (Dkt. No. 8). After careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 6) be **GRANTED** and that the § 2254 petition be **DISMISSED** without prejudice for lack of jurisdiction. It is further recommended that a certificate of appealability be **DENIED** and the case be closed.

I. BACKGROUND

The summary of facts as provided by the Fourth Court of Appeals of Texas is as follows:

On July 9, 2002, Trinidad Hernandez[ ] was found dead in the cab of a pickup truck on Highway 755 in Starr County with a gunshot wound to the head. Sergio Aldape was arrested and charged with Trinidad's murder. Aldape initially denied killing Trinidad, but later admitted to shooting him and claimed that [Petitioner], Juan Artemio Garcia, had hired him to commit the murder. In exchange for $10,000, Aldape agreed to stage a drug deal with Trinidad. After arranging the drug deal, Aldape led Trinidad, who followed in a separate car, out onto Highway 755. At some point Aldape stopped and approached Trinidad's vehicle. Trinidad attempted to leave, but Aldape put his hand in the partially open window and shot Trinidad in the head. Aldape then reported to [Petitioner] Garcia that the shooting had taken place. He later met [Petitioner] Garcia at Los Compadres, a local bar, where [Petitioner] Garcia paid Aldape a sum of money. Aldape pled guilty to capital murder and agreed to testify against [Petitioner] Garcia in exchange for the State's recommendation of a maximum sentence of 30 years.

At trial, three of Trinidad's relatives testified to a confrontation between Trinidad and [Petitioner] Garcia over missing marihuana which occurred approximately one month before Trinidad's murder. Two employees of [Petitioner] Garcia testified that they saw El Guero, *i.e.*, Aldape, at [Petitioner] Garcia's ranch on the night of the murder and saw him give [Petitioner] Garcia a gun and a beeper. One employee, Jose Rodriguez Rios, testified he heard El Guero say he had "done the job" and had "killed a person." Another employee, Jesus Angel Cavazos Rodriguez, testified that El Guero indicated to [Petitioner] Garcia that the beeper belonged to the deceased man. After El Guero left, [Petitioner] Garcia instructed Rodriguez to drive by the scene and confirm Trinidad's death. Rodriguez reported to [Petitioner] Garcia that a truck was off the road with a dead person inside and police [were] surrounding the truck. Rodriguez further testified that later that night, [he] accompanied [Petitioner] Garcia to a nearby bar where he witnessed a meeting between [Petitioner] Garcia and El Guero in the bar's parking lot. He saw [Petitioner] Garcia give El Guero "a roll of bills." Dina Garza, who was dating Aldape, testified he had a small black gun in his possession on the day of the murder, and he asked her to hold $1,000 for him later that night at Los Compadres bar. Jessica Munoz, a friend of Dina's, also testified she saw Aldape with a gun when he borrowed her car on the day of the murder. Jessica stated Aldape was "broke" that day, but had "a lot of money" after the murder.

*Garcia v. State*, No. 04-03-00404-CR, 2004 WL 2871750, at *1 (Tex. App.—San Antonio, Dec. 15, 2004, pet. ref'd) (internal footnotes omitted).

A grand jury in Starr County, Texas, returned an indictment against Petitioner in Case No. 02-CR-277, charging him with causing the death of Trinidad Hernandez by employing Sergio

Aldape to murder Hernandez "for remuneration or the promise of remuneration[.]" (Dkt. No. 7-17 at 9). A jury in the 381st District Court of Starr County found Petitioner guilty of capital murder as charged in the indictment. (Dkt. No. 7-17 at 157). On May 8, 2003, Petitioner was sentenced to life imprisonment. (Dkt. No. 7-17 at 158–160).

> Petitioner filed a direct appeal of his conviction, which included the following issues:
>
> (1) whether the evidence was factually insufficient to support the jury's finding that [Petitioner] intentionally employed Aldape to kill Trinidad; (2) whether the trial court improperly commented on the weight of the evidence during trial, violating [Petitioner]'s right to a fair and impartial jury under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Texas Constitution; (3) whether the trial judge abused his discretion in denying [Petitioner]'s motions for mistrial after a witness stated in front of the jury that he did not want to testify for fear of his safety, and after an unauthorized communication with a juror violated his right to an impartial jury; (4) whether the trial court violated [Petitioner]'s right to confront witnesses through cross-examination and impeachment evidence; (5) whether the trial court denied [Petitioner] effective assistance of counsel by not allowing certain questions during voir dire; and (6) whether the trial court violated [Petitioner]'s right to timely disclosure of all exculpatory evidence in the possession of the State of Texas.

*Garcia v. State*, No. 04-03-00404-CR, 2004 WL 2871750, at *1 (Tex. App.—San Antonio, Dec. 15, 2004, pet. ref'd); (*see also* Dkt. No. 7-18 at 1–70). On December 15, 2004, the Fourth Court of Appeals of Texas affirmed the judgment of the trial court. *See Garcia*, 2004 WL 2871750, at *1. On June 8, 2005, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Garcia v. State*, No. PD-0394-05 (Tex. Crim. App. June 8, 2005).

Petitioner filed a state application for a writ of habeas corpus on April 13, 2006, asserting that his trial counsel rendered ineffective assistance in a number of ways and that the State engaged in prosecutorial misconduct. (Dkt. No. 7-33 at 8–31). On November 18, 2008, the state court district judge made recommended findings of fact and conclusions of law, recommending that relief be denied. (Dkt. No. 7-31 at 3–6). Based on those recommendations and an independent

review of the entire record, the Texas Court of Criminal Appeals denied Petitioner's state habeas application on December 17, 2008. (Dkt. No. 7-27 at 2–3; Dkt. No. 7-31 at 2).

On January 21, 2009, Petitioner filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his trial counsel provided ineffective assistance in the following ways: (1) he failed to prove that a witness made a plea bargain and did not make a Bill of Exceptions on it; (2) he failed to preserve error for a *Brady* claim related to a tape-recorded statement of the hired gunman and failed to move for a continuance before moving for a mistrial; (3) he failed to preserve error by not moving for a continuance or mistrial when provided with the criminal history of a witness during another witness's testimony; and (4) he did not allow Petitioner to testify at trial. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 5-10, *Garcia v. Quarterman*, No. 7:09-CV-00222 (S.D. Tex. Jan. 21, 2009), Dkt. No. 1. U.S. Magistrate Judge Dorina Ramos issued a Report and Recommendation on June 2, 2010. Report and Recommendation, *Garcia v. Quarterman*, No. 7:09-CV-00222 (S.D. Tex. June 2, 2010), Dkt. No. 5. The Honorable U.S. District Judge Randy Crane adopted the Report and Recommendation and dismissed the petition with prejudice on August 10, 2010. Order Adopting Magistrate Judge's Report and Recommendation, *Garcia v. Quarterman*, No. 7:09-CV-00222 (S.D. Tex. Aug. 10, 2010), Dkt. No. 6

On June 1, 2017—almost seven years after this Court dismissed his first § 2254 petition—Petitioner filed a second state application for a writ of habeas corpus. (Dkt. No. 7-36 at 34–53; Dkt. No. 7-37 at 1–12). In this second application, Petitioner argued that he was entitled to relief based on newly discovered evidence of actual innocence. (Dkt No. 7-37 at 2). Petitioner asserted that Aldape, one of the State's witnesses at trial and the individual who shot Trinidad Hernandez, recanted his testimony that Petitioner was involved in Hernandez's murder. (Dkt. No. 7-36 at 34–

53; Dkt. No. 7-37 at 1–10). Petitioner included an affidavit from Aldape with his state application. (*See* Dkt. No. 7-37 at 9–11). On November 21, 2017, the state court district judge held a hearing on Petitioner's application, at which Aldape testified. (*See* Dkt. No. 7-35 at 5-50).

On November 28, 2017, the state court district judge adopted the State's Memorandum, Findings of Fact, and Conclusions of Law and recommended that Petitioner's request for relief be denied. (Dkt. No. 7-37 at 46). On January 24, 2018, the Texas Court of Criminal Appeals dismissed Petitioner's second state application for a writ of habeas corpus as a subsequent application, pursuant to Texas Code of Criminal Procedure Article 11.07, § 4(a)-(c). (Dkt. No. 7-34 at 1).

On November 12, 2018, Petitioner filed the instant petition, which is his second federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Dkt. No. 1 at 10).

## II. SUMMARY OF THE PLEADINGS

Petitioner's sole claim in the instant § 2254 petition is that he is actually innocent. (Dkt. No. 1 at 6). Petitioner asserts that Aldape's recantation of his trial testimony is newly discovered evidence that establishes "clear and convincing evidence" of Petitioner's actual innocence. (*Id.*). It is undisputed by Petitioner that he previously filed a federal habeas corpus petition under 28 U.S.C. § 2254 challenging his capital murder conviction from Starr County. (*Id.* at 8).

Respondent has filed a motion for summary judgment, arguing that Petitioner's § 2254 petition should be dismissed for lack of jurisdiction because it is successive and subject to the restrictions found in 28 U.S.C. § 2244(b). (Dkt. No. 6 at 1). Respondent also argues that should the Court find jurisdiction, the § 2254 petition should be dismissed because it is time barred, has

---

[1] Petitioner declares under penalty of perjury that he placed his petition in the prison mailing system on this date. (Dkt. No. 1 at 10). *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (holding that § 2254 applications are deemed filed on the date an inmate tenders his petition to prison officials for mailing).

been procedurally defaulted, and fails to raise a cognizable claim. (*Id.*). Petitioner has filed a reply to Respondent's motion for summary judgment. (Dkt. No. 8).

### III. APPLICABLE LAW AND ANALYSIS

"The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs a federal habeas court's review of a state court's adjudication of the merits of a state prisoner's claims." *Davis v. Thaler*, 511 F. App'x 327, 330 (5th Cir. 2013) (per curiam) (citing 28 U.S.C. § 2254(d)). Before filing a "second or successive" habeas corpus petition under § 2254, a petitioner must first seek and obtain the approval of the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

As provided by statute:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Obtaining leave to file a successive motion requires a "prima facie showing" that the petition satisfies the above requirements. 28 U.S.C. § 2244(b)(3)(C).

If a petitioner has not received the proper authorization from the appropriate court of appeals to file a second or successive § 2254 petition, then the district court lacks jurisdiction to consider the merits of the second or successive petition. *United States v. Key*, 205 F.3d 773, 774

(5th Cir. 2000) (per curiam) (stating that § 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one"); *see also Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("Section 2244 . . . serv[es] as [a] gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.").

These requirements, however, only apply to "second or successive" applications, and the AEDPA does not define "second or successive." The Fifth Circuit has held that an application is not second or successive simply because the petitioner filed a previous petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A petition is "second or successive" within the meaning of the AEDPA when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*; *see also Mead v. Cain*, 438 F. App'x 340, 341 (5th Cir. 2011) (per curiam) (holding that because petitioner's second § 2254 application raised a claim of actual innocence that could have been raised in his earlier § 2254, the second § 2254 application was successive). "[T]he small subset of permissible *non*-successive petitions . . . [tend to be] later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error" for which the "purported defect did not arise, or the claim did not ripen," until after the conclusion of the first petition. *Leal*, 573 F.3d at 222; *see, e.g., In re Tamayo*, 552 F. App'x 371, 374 (5th Cir. 2014) ("Tamayo could not have raised his claim based on the January 2014 IACHR decision in his first federal habeas petition in September 2003.").

Here, Petitioner's pending § 2254 petition is his second-filed § 2254 petition—as noted above, Petitioner's first § 2254 petition was filed on January 21, 2009, and was dismissed with prejudice by this Court on August 10, 2010.

Petitioner's second-filed § 2254 petition is based around Aldape's recanted testimony. In his reply, Petitioner argues that "[t]he evidence in support of this brief did not exist and was not known to Petitioner at the time of . . . [his] previous applications for writ of habeas corpus" and that "[i]t is only in 2011, that Aldape came forward and acknowledge[d] for the first time that he had fabricated the allegations against Petitioner. Thus, the factual basis for petitioner's claim of innocence could not have been previously ascertained through the exercise of reasonable diligence." (Dkt. No. 8 at 3). It would appear that Aldape did not recant his testimony until or shortly before December 8, 2011—the date Aldape created the affidavit in which he repudiates his prior testimony. Arguably, this is the date that Petitioner's claim ripened, *after* the conclusion of his original § 2254 proceedings.

Petitioner makes the right sort of argument, but he brings it before the wrong court. A previously unavailable factual predicate is one of the very grounds by which the Fifth Circuit Court of Appeals might grant Petitioner permission to proceed with his § 2254 petition. Within the universe of new-factual-basis cases, some of those cases will involve evidence discovered after the conclusion of a prior § 2254 petition; hence, why Congress included an exception to the second-or-successive bar for such cases. *See McQuiggin v. Perkins*, 569 U.S. 383, 395-97 (2013) (Sections 2244(b)(2)(B) and 2254(e)(2) contain a modified miscarriage of justice exception for second-or-successive petitions).

The undersigned notes that Petitioner asserts actual innocence based on his new factual predicate, and a credible showing of actual innocence can allow petitioners to escape various procedural bars. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). "We have

previously held that . . . a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a 'miscarriage of justice.'" *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). However, the actual innocence exception does not allow a petitioner to avoid the statutory gatekeeping provisions for second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."). "There is no provision in the law allowing the district court to consider a successive petition merely because the petitioner asserts that he is actually innocent or that the state court judgment is void; rather, these are claims which may be presented to the Court of Appeals as part of a showing that leave to file a successive petition should be granted." *Butler v. Dir., TDCJ-CID*, No. 6:10CV134, 2010 WL 2024877, at *1 (E.D. Tex. May 18, 2010); *In re Warren*, 537 F. App'x 457, 457–58 (5th Cir. 2013) (holding actual innocence exception is modified by § 2244(b) with respect to second-or-successive petitions); *Gonzales v. Davis*, No. B-17-CV-237, 2018 WL 1413341, at *3 (S.D. Tex. Feb. 2, 2018) ("District courts lack jurisdiction over a successive habeas petition where the petitioner does not show that he has the authorization of the court of appeals. This is true even where the petitioner asserts a claim of actual innocence.") (internal citations omitted); *Phillips v. Stephens*, Civ. No. 3:14-CV-2664-L, 2014 WL 4978659, at *1–2 n.1 (N.D. Tex. Oct. 6, 2014) (ordering transfer of § 2254 petition to the Fifth Circuit because it was successive and stating that "[i]nsofar as Petitioner asserts actual innocence, *McQuiggin v. Perkins* does not authorize the Court to ignore or bypass the

constraints on successive applications."). Thus, the undersigned concludes that Petitioner still must proceed to the Fifth Circuit before returning to this Court.

Petitioner has not sought or received permission from the Fifth Circuit to file the instant § 2254 petition. (Dkt. No. 1 at 8). Petitioner's claim of actual innocence based on newly discovered evidence—namely, Aldape's affidavit—must be submitted to the Fifth Circuit to determine if the new factual predicate triggers the § 2244(b)(2)(B) exception to the second or successive bar. Until the Fifth Circuit grants Petitioner leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's claim. *See* 28 U.S.C. § 2244(b).

## IV. CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 6) be **GRANTED**, that the § 2254 petition be **DISMISSED** without prejudice due to lack of jurisdiction, and that this case be closed.[2]

### *Certificate of Appealability*

It is recommended that the District Court **DENY** a certificate of appealability ("COA").

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal the final order of a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because it is recommended that Petitioner's § 2254 petition be dismissed, the undersigned must address whether Petitioner is entitled to a COA.

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petitioner states a valid claim of the denial of a constitutional right" and

---

[2] Alternatively, the District Court may transfer the case to the Fifth Circuit Court of Appeals.

"whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this report to the parties by any receipted means.

SIGNED this 22nd day of October, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge